## NORVELL v. McHENRY.

The R. S. contain no provision as to judgment records, and repeal the former law relative thereto.   The files and journal entries of the court are to be deemed a substitute for such record, and as constituting the record itself, as well in cases of judgments rendered before the repeal of the late law, where no record has been made up, as in cases arising since.[*]

Where the files in a cause have been lost, the calendar entries may be given in evidence to show the steps taken in the cause before judgment.

Under R. S. 1838, the court had power to make Rule 11, adopted in 1843, requiring defendants, in suits commenced by filing a declaration, to plead thereto in thirty days after service of a copy of the declaration.

A court will take notice of its own officers, otherwise where the officer is of another court.

The omission of the clerk to enter defendant's appearance in a cause, is mere matter of form, which may be amended by an order *nunc pro tunc*.

ERROR to Wayne Circuit Court.   McHenry brought an action of debt against Norvell, in the circuit court, on a judgment recovered by him against Norvell, in that court, on the 18th November, 1844, for $857 43.   Plea, *nul tiel record.*   On the trial McHenry, after showing the files in the former case had been mislaid or were lost, to prove

---

[*] Crane v. Hardy, *ante* 56.

the judgment, offered in evidence the journal entry of the judgment, the calendar entries in the cause, and a taxed bill of costs, which were objected to by defendant, but admitted by the court. Defendant also insisted the circuit court had not jurisdiction of the former cause, for reasons it is unnecessary to state here, as they appear in the opinion of the court. Exceptions were taken to the ruling of the court, and, judgment having been rendered in favor of McHenry, Norvell removed the cause to this court by writ of error,

*Davidson*, for plaintiff, in error.

*Bishop*, for defendant, in error.

*By the Court*, Miles, J. The first error assigned is, that the plaintiff below was permitted to give in evidence upon the trial, the journal entry of the circuit court for the county of Wayne, of a judgment obtained in his favor by default, for want of a plea, and upon assessment of his damages by the clerk, for the damages so assessed " and costs of suit;" and also an original bill of costs taxed in the cause, and the calendar entries of the proceedings therein. To the whole of this evidence the defendant below objected, but the objection was overruled. The proposition asserted by the plaintiff here is, that this being an action of debt upon a record of the same court in which the suit was commenced, and the issue being *record* or *no record*, the party must prove his case by a proper and legal original record, *made up pursuant to the statute*.

This cause was tried on the 16th day of May, 1848. Previous to the adoption of the revision of the laws of 1846, there had for a long time existed a statutory provision, that whenever any civil cause should be finally determined, the clerk should in the next vacation enter the warrants of attorney, writ, process, pleadings, proceedings and judgment, so as to make a complete record thereof, in a book to be provided for the purpose.

This provision was first adopted in the general act defining the jurisdiction and powers, and directing the pleadings and practice of the supreme and county courts of the territory of Michigan. Laws adopted by the Governor and Judges, 316, sec. 14; Laws 1827, p. 124, sec. 24; R. S. 1838, p. 410, sec. 10,

In 1840, the Revised Statutes of 1838 were modified by requiring

and allowing the clerk to make up a record only in case the same was required to be done by a party.   Ses. L. 1840, p. 183.

The Revision of 1846 contains no provision on the subject; so that at the time of the trial there was no statute requiring or allowing a record to be so made.

What, then, constituted the record proper to be given in evidence in this case?

There is another statutory enactment which had its origin at the same period, from which we date the one just referred to, and which still continues upon our statute book.   This provision was originally in these words: "For preventing errors in entering the judgments, orders and decrees of the supreme, circuit and county courts, the judges and justices of the said courts respectively, before every adjournment, shall cause the minutes of their proceedings during the preceding day to be publicly read by the clerk, and corrected when necessary, and then the same shall be signed by the presiding judge of said court: which minutes, so signed, shall be taken in a book and carefully preserved *among the records.*"   This provision is in the general act before referred to, and has been continued in substantially the same terms to the present day.

This mode of perpetuating judicial proceedings is the only one now existing, and by the repeal of the statute seems to have been the only one intended.   Have we not, by our system of jurisprudence, adopted this mode instead of the common law mode?   And if so, does it not possess the same intrinsic force as evidence?

This section of our statute is copied *verbatim* from that of Ohio, and it may be useful to look at some of the cases decided in that state in which this question has arisen.   The first case is Harvey *v.* Brown, 1 Ohio 129.   There the journal entry of judgment was imperfect, containing only the words "judgment &c.," and was so signed by the judge.   The record, made up in pursuance to a statute similar in its provisions to our former statute, was perfect, and a transcript was returned upon writ of error, together with a copy of the defective entry. The court refused to allow the plaintiff in error to assign errors upon the journal entry, for the reason that the writ of error must be returned with a transcript of the record required by the statute.   The court took that occasion to declare their opinion that the correct course was to

make the entries in the daily minutes of the court with the same technical precision as is required in the complete record made up in vacation. It may be said of this case, that the distinction taken by the court between the minutes of the court and the record required by the statute, is founded upon that statute.

In Young v. Buckingham, 5 Ohio 488, an objection was taken to the introduction of the minutes of the court of common pleas as evidence, because no complete record had been made. The statute in that state relative to laying out and establishing roads, requires the commissioners to cause the report, survey and plat to be recorded, and declares, that from thenceforth the road shall be considered a public highway: and the court were called upon to determine the question, whether the original report with the minutes of the commissioners were admissable evidence to show the establishment of a road, or whether the record made the public highway. The court say, the minutes form no part of the record, but contain the materials from which the record is to be made, and that all being done to authorize the recording officer to record, it should in law be considered as recorded, though the manual labor of recording in the book had not been performed.

This principle was also asserted in 4 Ohio 83. In The State v. Dawson & Tracy, 6 Ohio 110, the action was debt upon a recognizance. The plea was nul tiel record, and one question raised was, whether the recognizance taken in open court was a record. The court say, that the orders and decrees and the minutes of the proceedings of the court of common pleas, in those cases in which no final record is made, or is required to be made, are legal evidence and matter of record, if the court was in the exercise of its legitimate power and authority, and that the recognizance being a proceeding of the court authorized by law, required to be journalized and actually entered in the minutes of a court of record, is a matter of record on which a scire facias would lie.

Although the journal is open to correction during the whole of the term in which the entries are made, yet no amendment, except in mere matter of form, can be made, at a subsequent term. Torbet v. Coffin, 6 Ohio 34 and 80. Clerical errors of the clerk and none others, can be amended in criminal cases. Id. 435. In the case of Harvey v. Brown, and that of The State v. Dawson & Tracey, the question

arose directly upon a plea of *nul tiel* record; in the others referred to, it came up collaterally. From an examination of these cases, we may safely infer that, but for the statute requiring a record to be made by transcribing the files and the necessary journal entries, those files and entries would be held a substitute for the common law record, and treated as such.

In Pennsylvania, the docket entries, as they are called, are treated as the original record. 14 Serg. & Raw. 156. In Undergraff v. Perry, 4 Penn. State Rep. 292, is a form of a docket entry of a judgment confessed upon a note and warrant of attorney. It is in very brief terms, and contains little of the formality of a common law record.

In New York, the proceedings in a cause are contained in the files and minutes of the court, until after the rule for judgment becomes absolute, when a formal record is made up by the attorney for the successful party; and though made after the cause is finally determined, yet, in imitation of the common law record, the entries appear to have been made from time to time, as the cause was progressing. Until this record is signed by the proper officer and filed, no execution can be had upon the judgment.

Our practice is different, and may be said to be nearer the ancient practice at common law. After issue is joined, or default is due, when the cause comes under the immediate notice of the court, all proceedings are had in open court, and are entered in a formal manner upon a daily journal of its proceedings; which is read over, corrected if necessary, and signed by the judge who holds the court.

If any issue of fact is tried by a jury, their verdict is entered upon the record, in a form almost identical with that at common law. So of the judgment, which is perfect as soon as signed, and the party recovering may proceed immediately to tax his costs, and after a lapse of twenty four hours from signing the judgment, is entitled to execution. These entries do not, however, contain a perfect history of all the material proceedings in a cause. For the evidence of the steps taken in the cause anterior to the issue or the default, we must look to the files of the court. The process and pleadings are all required to be filed, though not to be transcribed.

In the case in 13 Conn. R. 213, referred to by the plaintiff's counsel, the writ and declaration on file are treated as a part of the record;

the objection was, that the brief minutes of the justice, of what transpired after the return of the process, were not sufficient in form to constitute a record.

I am aware of the objection to this mode of preserving a record, and the danger from loss or abstraction of the files, and could well hope that some other more desirable mode should be provided by the legislature. But with the policy of the modification of the statute, and of its final repeal, either on account of its abuse, in increasing the expenses of a suit, or for any other reason, we have nothing to do. Our duty is begun and ended when we shall have answered the inquiry proposed to ourselves, What now constitutes a judgment record in this state?

In view, then, of the system established by our statutes, and the practice of our courts, we think the only rational and safe conclusion is, that a common law record is not necessary; and in the absence of any statute, and where no record has been made while it existed, the files and journal entries before referred to are to be deemed a substitute for such record, and to constitute the record itself.

Upon the argument, it was suggested a difficulty would exist in exemplifying such a record. I confess I cannot discover any, so long as the record exists. All the necessary papers and entries are in the office of the clerk of the same court in which the suit was prosecuted from its commencement to its conclusion, and can be as easily transcribed for this purpose as they could be for the purpose of making up the record formerly required by the statute.

One object of a transcript by way of record would be to guard against loss by multiplying copies; and its necessity was apparent in this case, where, from loss of the files, a resort to the calendar entries became necessary to show the steps taken in the case before judgment.

It appeared from the evidence thus produced, that the original suit in which the judgment was recovered, was commenced by declaration; and it was insisted upon the trial, that the circuit court never acquired jurisdiction of the person of the defendant in that suit, and that the proceeding was therefore void. This objection is based upon the ground, first, that rule 11 of the circuit court, requiring the defendant to plead within thirty days after service of the declaration, was never in fact adopted, and if adopted, that it was in conflict with the statute; and, secondly, that the affidavit of service of the copy of declaration

Norvell *v.* McHenry.

and notice of rule to plead, was defective in not stating the time when and the place where the same were served, and that the authority of the officer taking the same did not appear. It appeared the declaration was filed on the 28th day of June; that default for want of a plea was afterwards entered; and that judgment was perfected at the November term following.

It may have been the intention of the legislature to put this mode of beginning suits upon the same footing with that of commencing by original writs; and if we were now for the first time to give a construction to the act, we might so hold. But it may be said, the statute contemplates the action of the court in fixing the time to plead, by rule; and such seems to have been the view taken of it by this court, in adopting rule 11, in 1839, which provided specially that, in suits thus commenced, the defendant should have the same time to plead subsequent to the next succeeding term after filing the declaration, as is provided by the rule next preceding, in cases commenced by original writs.

Rule No. 11, of 1843, is a mere amendment of that of 1839, substituting thirty days after service, instead of ninety days after the first day of the next succeeding term. The length of time is the only difference; and the court having construed the statute as giving them the power to make the first rule, must necessarily be authorized to make the latter. This amended rule was published in the new edition of the rules of 1843, with the additional rules then adopted. The omission by the clerk to record the amendment furnishes very slight evidence that it was not adopted, when opposed by the long acquiescence of the court and bar in the correctness of the amendment as published.

The affidavit of service of declaration, &c., which was given in evidence by the defendant below, was sworn to, as appears from the jurat, on the 31st day of July, 1844, and states the service to have been made "on the 28th day of June *last past.*"

Here the jurat is an essential part of the affidavit, as without it the fact of the time of service would be unintelligible. 4 Wendell 283. Taken together, they show *when* the service was made. The affidavit was taken in a cause in the circuit court for the county of Wayne, and before the deputy clerk. The court will take notice of its own officers; otherwise where the officer is of another court, or a commissioner. 3 Caines' R. 128.

The statute requires a personal service, but does not state *where* the service shall be made. It may be made by the sheriff: in such case his return must show a compliance with the statute in making a personal service; and I apprehend, if a return to that effect is made by him, the legal intendment must be, that he properly discharged his duty by making service within his county.

The statute authorizing service to be made by any disinterested and credible person, must be construed as giving to such person powers equal at least to those possessed by the sheriff for the same purpose. In the one case the evidence of service is contained in the official return of the officer; in the other, an affidavit is required, and such affidavit of personal service must be deemed sufficient to entitle the court to proceed as in case of the return of a summons. Rev. Stat. 1838, p. 419, sec. 10.

Upon filing this affidavit, the statute requires the clerk to enter the defendant's appearance. If this is neglected, it is a mere matter of form, which may be amended by an order *nunc pro tunc*.

There being, then, no error found in the record or proceedings of the circuit court, the judgment must be affirmed.

*Judgment affirmed.*