## KEESEE'S EXECUTORS v. W. BECKWITH.

1—Although an affidavit by an agent or attorney, probating a claim against an estate, does not disclose his means of information, it is sufficient, if the executor or administrator does not object to it on that account, when it is presented for his allowance or objection.

2—An affidavit probating a note against an estate alleged that the note "was just," instead of that it "is just;" but on its presentation to the executors they took no objection to the affidavit. *Held,* that after suit brought, their objection, based upon the use of the past instead of the present tense, could not avail as a defense.

3—The ruling on a similar question in Hansell v. Gregg, 7 Tex., 223, cited and approved; and the opinion expressed that it should be further held that when an executor or administrator rejects a claim without assigning any reason for his rejection, he should not, after suit brought, be allowed to take exception to the probate of the claim. This rule would not preclude defenses to the merits.

ERROR from Washington.    Tried below before the Hon. James E. Shepard.

The character of this suit is disclosed in the opinion of the court. At the trial, in April, 1867, the plaintiff introduced the note and proved the presentation of the claim to the defendants sometime in January or February, 1866. The suit was brought March 20th, 1866.

The defendants proved by Swearingen, the agent who proved up the note, that the note was received by mail a short time before its presentation; that witness knew nothing in relation to it prior to its reception, and never saw it in the lifetime of Keesee, the maker.

A jury having been waived, the court below rendered judgment for the plaintiff, and the defendants prosecute their writ of error.

*Giddings & Giddings* and *Willie*, for the plaintiffs in error. The presentation and rejection of the claim is not averred with sufficient certainty. (Dallam, Darly v. Chevalier, 555 ; Fulton v. Black, 21 Tex., 425.)

The second and fourth assignments may be considered together, and present the question whether the claim was properly proven as required by law.

The affidavit required by law should, upon principle, be made by the owner or some one duly authorized, who was cognizant of the facts. (Hansel v. Gregg, 7 Tex., 228.) This is doubtless the strongest case for defendants in error, and yet this does not sustain the affidavit. There is no room left for inference in this case, and no pretence that the attorney had any knowledge of the facts necessary to be verified. See the statement of facts : P. H. Swearingen, the attorney who made the affidavit, proves that the claim was received by him as an attorney, after the war, and that he knew nothing of the same before it came to his hands.

The language of the statute is very positive. (§ 13, Art. 1095, Paschal, p. 313.) Every claim for money, etc., before it can be acknowledged, must be verified by the affidavit of the owner, etc. (See, also, Arts. 1309, 1310, Paschal.)

It will be seen that the ruling in the case of Hansel v. Gregg, 7 Tex., was controlled very much by the fact that the claim had been rejected for a specific cause assigned, to wit : that the debt had been fully paid. In this case no presumption arises in favor of the affidavit, or the attorney having a knowledge of the facts, inasmuch as the statement of facts shows that he had no knowledge whatever of the facts stated in the affidavit.

The objects of the statute is to probe the conscience of the holder and owner of the claim, and compel him, under the penalties of an oath, to disclose the true facts as to all payments, offsets and credits ; and as the testator, or maker of the note, was dead, an appeal to the conscience of the owner was the only means left to obtain a knowledge of the true facts between the holder and the deceased.

This note was given prior to the year 1860, or in 1860, and held by the payee up to January or February, 1866, and then sent by mail to P. H. Swearingen, the attorney who made the affidavit, and hence it is shown by the evidence that the knowledge of the facts required by the statute only rested in the breast of Beckwith, the holder, and he may have (and it i claimed by the executors that large payments have been made) received payments, or there may be just and legal offsets known only to the holder, and of which the attorney had, and could have had, no knowledge. And an affidavit made by an agent, or attorney, under such a state of facts, can not be held to be a compliance with the provisions of the statute; and, indeed, if allowed, would defeat entirely the provisions, and render the same nugatory, and all that would be necessary, when the holder had received payments, or where there were discounts or offsets, to evade the provisions of the act, simply to place the claim in the hands of an attorney and let him make the affidavit; as he knew, and could know, nothing whatever, he of course could, in all good conscience, say that all payments, offsets, etc., known to him, had been allowed.

The owner is living, and could comply with the requirements of the act; and we submit that the neglect or refusal by him to make the affidavit raises a presumption against him and the justice of his claim, and should admonish the court of the necessity of a strict, or at least a substantial, compliance with the provisions of the statute.

If the affidavit in this case is sufficient, then the affidavit deemed by the Legislature an important guard against the perpetration of frauds on estates, had as well be dispensed with entirely, for it must be apparent that by such a course it becomes nugatory.

In Hansel v. Gregg, 7 Tex., .228, this court say: " On principle, the person who makes the affidavit should be either the owner of the claim or some one acting for him, who is conversant with the facts." Here it is made by neither, and the statement of facts shows clearly that the party making the affi-

davit had no knowledge whatever, and that the owner alone could make the affidavit.

Had the claim been taken by the attorney in settlement of an account, or had the same been placed in his hands in the lifetime of the testator, and the testator been called upon and admitted the justice of the claim, then upon any such state of facts the attorney or agent could, with much propriety, make the affidavit ; but such is not the case here, and we can not believe that this court will so construe the act as to defeat its object and design.

The judgment is contrary to law and the evidence.

The court will also note the fact that the affidavit of the agent, Swearingen, does not comply with the statute, but on its face shows that he did not, at the time of making it, profess to know the fact that the claim was a then *present*, subsisting and just demand against the estate. He does not, in words of the *present* time, say that the claim *is now* just, *i. e.* just at the time of making the affidavit, but *was* just, which can only mean at some former period.

On the subject of affidavits made by agents, we would respectfully call the attention of the court to the case of Butler v. Dunnagan, 19 Tex., 559. In that case it was attempted to introduce in evidence the copy of an instrument upon the affidavit of an agent that *he* could not procure the original. The court held that the affidavit of the agent was not sufficient, unless it also stated that his principal could not procure the paper. Now, this statute, and the one under which Swearingen's affidavit is made, are similar. (Paschal's Dig. § 1309.) Neither statute expressly allows the oath to be made by an agent. The Supreme Court has, however, held that an agent may make it in either case. In the one, provided he shows that his principal can not procure the paper ; in the other, provided he shows that he has knowedge of the facts. These facts, however, should be affirmatively shown by the affidavit in each case. In the one it should be as much required as in the other. It certainly does not follow. Because an agent says he knows of

no offsets, etc., it certainly does not follow that he knows all the facts as to the claim, or that if there were such offsets, he would certainly be cognizant of them. So far from such facts affirmatively appearing in this case, it is distinctly proved that he did not and could not have known anything on the subject.

No brief for defendant in error has reached the Reporter.

WALKER, J.—Suit was brought at the Spring term of the District Court of Washington county, for the year 1866, against the defendants below, in their respective capacity.

The foundation of the suit was a promissory note, which reads thus:

"$1450.                    CHAPPELL HILL, June 28th, 1861.

"Six months after date I promise to pay to the order of Warren Beckwith, or bearer, the sum of fourteen hundred and fifty ($1450) dollars, with ten per cent. interest from date, value received.

"(Signed)                          WM. KEESEE."

This note was sent by mail from Iowa to P. H. Swearingen, who probated it in the usual form, with the exception that words "was just" were used for the words "is just." The affidavit was made by P. H. Swearingen, the agent of Beckwith. The note was presented for allowance to the executor of Keesee, and, for some reason not given, was rejected. Suit was brought, and, amongst other defenses to the action, the appellants claimed that no sufficient probate of the note had been made; and further insisted that it was not in the power of the attorney to make the oath required by law. A judgment was given the plaintiff for the amount called for by the note—principal and interest —and is against the appellants in their individual capacity.

The judgment can be reformed in this court, and it is apparent that this latter is but a mere clerical error.

The first objection urged is not so easily disposed of. The affidavit of P. H. Swearingen was in itself sufficient, but the subsequent testimony renders it somewhat doubtful.

In the case of Hansell v. Gregg, 7 Texas R., 228, Justice Wheeler, delivering the opinion of the court, says: "If the administratrix had rejected the claim on the ground that the affidavit was not made by the proper party, and it did not disclose the means of information possessed by the attorney, there would be more plausibility in the objection now urged; but she rejected it upon an entirely different ground, to wit: That the debt had been fully paid, showing that the claim was not rejected in consequence of the making of the affidavit by the attorney, nor in consequence of it not disclosing the means of information possessed by him. We do not think the objection in this respect well taken." It is also said the affidavit should be made by the owner, or by some one conversant with the facts.

In the same case the court say: If an administrator indorse on a claim his reason for rejecting it, he will not be allowed to plead or urge in abatement of the suit any other reason which goes merely to the sufficiency of the presentation for allowance. Now, by parity of reasoning, if he do not indorse any reason, or give any for rejecting the claims, so as to put the owner or agent upon notice of his objection, before suit is brought, ought he to be allowed to plead or urge any on the trial? We think not. This rule will not *preclude* him from urging and pleading all legal defenses to the merits, which he may have; and in any case where the administrator or executor believes the proof to be insufficient on presentation, whether the affidavit is made by the owner or his agent, he may, on suit being brought, file interrogatories, and compel the owner to answer, under oath, all questions which he deems necessary for the protection of the estate he represents. In this case no reason was given by the appellants for rejecting the note sued on, until suit was brought; and then they file no interrogatories for the owner of the note (the plaintiff) to answer. We are compelled to regard the objection as coming too late, after suit is brought. Unless made at the time the claim is presented, it cannot avail to abate the action.

The judgment of the court below will be reformed so as to make it a judgment against the appellants as executors of the will of William Keesee, and affirmed.

Reformed and rendered.