[Opinion delivered May 3, 1880.]

---

G. M. ETTER ET AL. v. GEO. C. DUGAN.

(Case No. 3048.)

1. PLEADINGS — FAILURE OF CONSIDERATION.— A merchant gave his note for goods of one in failing circumstances, and at the time made a parol agreement that, if compelled to surrender the goods under legal process, the note should not be paid; in a suit on the note, an answer setting up that litigation concerning the goods was pending in a bankruptcy court did not show failure of consideration, and it was not error to sustain exceptions to it.

2. PRACTICE.— The ruling of the court in excluding an answer being correct, any irregularity in reaching the result is immaterial.

3. VARYING WRITTEN CONTRACT BY PAROL.— One purchasing goods and executing his note for their value may, at the time, contract by parol that he should not be liable on the note if compelled to surrender the goods under legal process. and if sued on the note he may plead the parol contract and failure of consideration as a defense to it; or if he had paid the note he may recover back the money on the parol contract, if compelled to surrender the goods.

4. CLAIM AGAINST AN ESTATE — JURAT.—"Sworn to and subscribed before me, this December the 16th, 1873. Attest: L. Bostick, Clerk," is a sufficient jurat to an affidavit, in proving up a claim against a decedent's estate under the probate law of 1870.

5. SAME.— Mere irregularities in the form of a jurat to a claim against an estate should be objected to, if at all, by the administrator. when the claim is presented for allowance or rejection.

6. PRACTICE — EVIDENCE.— An offer to prove that the signature of the clerk to a jurat is not the handwriting of the clerk is not equivalent to offer to prove the signature a forgery, and it is not error to exclude the evidence.

7. JUDICIAL KNOWLEDGE.— Courts take cognizance of their own subordinate officers and of their signatures, and this knowledge extends to the acts of the former officers appearing to judicial proceedings in the proper office.

8. CLERK'S CERTIFICATE.— District clerks are not required by statute or practice to attach their seal of office to their official certificates to affidavits, file marks, etc., for use in the court where made.

APPEAL from Grayson.   Tried below before the Hon. J. M. Lindsay.

January 17, 1874, Dugan brought suit in the district court of Grayson county against H. A. Parrish (administrator of the estate of J. D. Fenet) and G. M. Etter and J. D. Fenet, upon a promissory note of date July 30, 1872, payable to the order of plaintiff thirty days after date, made by the deceased, J. N. Fenet, and the defendants Etter & Fenet, for $1,691.28 gold, for value received, with interest at two and one-half per cent. per month after due.   Several credits were acknowledged.   Due presentation of the claim on the 8th day of June, 1872, to Parrish's administrator was alleged, and its rejection indorsed on the claim.

The defendant pleaded general denial, and specially that one S. B. Hendricks had a judgment against Cummings & Fenet; levied an execution on goods of Cummings & Carter, which were sold at public outcry, and bought by J. H. Fenet.   That Dugan about same time sued out an attachment against Cummings & Carter, and levied same on the goods as of Cummings & Carter, who were in failing circumstances, and it was agreed between plaintiff and Fenet that Fenet should keep possession of the goods, and if he was not compelled to surrender the same to the United States marshal, nor other officer, then Fenet should pay plaintiff's debt; but if he should be compelled to surrender said goods, then he should not pay the note.

That the note was made under these circumstances, and that consideration failed, in this: that said Fenet was compelled to surrender said goods, and did surrender the same to the officer of the bankrupt court, under proceedings in bankruptcy against Cummings & Carter, and they aver

that there is now pending in the United States circuit or
district court, at Tyler, a suit by J. C. Easton, assignee in
bankruptcy of Cummings & Carter, against J. H. Fenet
for the same goods, etc.

Amended: that at date of Dugan's attachment Cum-
mings & Carter were in failing circumstances, all of which
was known to plaintiff. That within four months from the
levy of the said writ of attachment Cummings & Carter
were adjudged bankrupts, whereby the levy became null and
void, and plaintiffs had no lien or right in said goods which
could constitute a consideration for said note.

Exceptions were filed to the special answer: (1) Because
not sworn to; and (2) it seeks to vary a written contract by
parol testimony and by contemporaneous parol agreement,
and does not allege fraud, accident or mutual mistake.

The exceptions were sustained, to which defendants ex-
cepted.

On the trial the plaintiff offered in evidence the note sued
upon, together with the affidavit and certificate of authen-
tication.

The affidavit was annexed to the note, and in proper
form, and was signed by plaintiff. The jurat is as follows:

"Sworn to and subscribed before me, this December the
16th, 1873.

"Attest:                              L. BOSTICK, Clerk."

Indorsed, "Presented and rejected, January 8, 1874.

                              "H. A. PARRISH,

                    "Administrator of J. N. FENET."

To which Parrish objected: (1) It does not appear from the
certificate that L. Bostick was the clerk of any court. (2)
The certificate is not attested by any seal. (This, on inspec-
tion, was true.) (3) The "L. Bostick, Clerk," to the certifi-
cate, was not signed by said Bostick, and defendant offered
to prove by Chas. Walton that said signature was not the
handwriting of said Bostick. (The court excluded the evi-
dence.) The objections were overruled, and the note and
affidavit and indorsement of rejection admitted.

Judgment was rendered for plaintiff, from which defendants appealed.

The errors assigned are:

1. Sustaining exceptions to the answer.

2. Admitting the testimony, as against the estate, of the authentication, presentation and rejection of the claim.

3. Refusal to allow defendant Parrish to prove that the name of " L. Bostick " was not his handwriting.

*Throckmorton & Browns*, for appellants.

*A. E. Wilkerson* and *Walton, Green & Hill*, for appellee.

A. S. WALKER, J.— The answer was not required to be verified by affidavit. The note was not under seal.

2. It is evident that neither fraud, accident nor mutual mistake is alleged in the answer, nor is it in terms stated that the note was without consideration. In fact the answer shows there was a consideration, which it seeks to show had failed.

3. Nor was the contract, or any part of it, as alleged in the answer, illegal. While the attachment was subject to be discharged by the subsequent bankruptcy proceedings against Cummings & Carter, such contingency could not attach to the levy of the attachment the taint of illegality, other or beyond its defect as a lien, if sought to be asserted against the assignee in bankruptcy. Until discharged by the bankruptcy proceedings, in fact, the attachment was valid. Nor does it appear that an adjudication, even to that extent, had been reached in the proceedings.

4. The failure of the consideration, or rather the happening of the alleged contingency upon which, by the contract set out in the answer, the obligation to pay the note should be defeated, as pleaded presents a question of some difficulty.

The *failure* is that Fenet was compelled to surrender said goods, and did surrender the same to the officer of the bankrupt court, under proceedings in bankruptcy against said Cummings & Carter. And they aver that there is now

pending in the United States circuit or district court, at Tyler, a suit by J. C. Easton, assignee in bankruptcy of the estate of Cummings & Carter, against J. H. Fenet for the same goods. This plea was filed October 8, 1874. The note bore date July 30, 1872.

This statement places *the goods* in litigation in a suit brought by Easton. The probability as to the result of the suit is not stated. It may be presumed from the allegations that the United States marshal may have seized under sequestration the goods pending the suit. But there is no allegation affecting the property rights of Fenet in the goods beyond the mere pendency of suit for them.

This allegation does not meet the condition that Fenet should have to "surrender" the goods. The alleged breach of the contract as given in the answer is not sufficient. The loss is not total, nor is any fact given from which a partial failure can be measured; and it does not appear but that he may recover against Easton, and so have the full consideration.

Dugan could have contracted with Fenet by parol, in a transaction of which the note was part, that he should not be liable for the debt except on his holding the goods. Thomas v. Hammond, 47 Tex., 52; Ins. Co. v. Lacroix, 45 Tex., 170; Wharton on Ev., §§ 927, 928; 1 Greenl. Ev., 284a. While the note was payable at a fixed day, still, had it been paid, Fenet's rights, under such agreement, could have been enforced by suit against plaintiff. As the note was not paid, and this action is between the original parties, it does not appear why the whole subject, and the respective rights of the parties as growing out of their contract applied to the facts existing at the trial, could not have been litigated in one suit.

Being proper in matter, and as the mode of proof was not before the court on the exceptions to the pleadings of the defendant, it was not proper to hold the special answer bad because the contract set up was not alleged to be in writing. Thomas v. Hammond, 47 Tex., 52; Lewis v. Alexander, 51 Tex., 585; Gould on Pl., ch. 4, secs. 43 and 46.

But while the answer was not defective for the reasons given in the exceptions, it was fatally defective in failure to show a defense on the merits. It acquired no aid from the insufficient attack upon it. Presenting no defense, the court could disregard it without injury to the defendant. The ruling of the court being correct in excluding the answer, any irregularity in the mode of reaching the result would be immaterial.

5. The court below evidently assumed judicial knowledge of the genuineness of the signature, " L. Bostick, Clerk," and also of his character as a clerk of his court.

There is no statute or practice of courts requiring that clerks of the district courts should attach their seals to their official certificates to affidavits, file marks, etc., for use in the court where made.

At the time the affidavit by Dugan purported to have been made the district courts had exclusive probate jurisdiction — much of judicial power in probate matters was vested in clerks of said courts. The affidavit to the claim, whether rejected or allowed, became, under the law, a filed paper of the district clerk's office. If allowed, it was filed with the clerk for approval by the court. Pas. Dig., 5658. If rejected, then by suit thereon in the same court. Pas. Dig., 5659. That a clerk should go out of office did not render his signatures of less force than they were when made by him in the course of his duty. The office does not die; the official acts remain as facts in the courts, though incumbents may change. The court takes cognizance of its own subordinate officers, and necessarily of their signatures. This knowledge should extend to the acts of former officers approving judicial proceedings in the proper office. Wharton on Ev., 325; Norvell v. McHenry, 1 Mich., 227; Dyer v. Lost, 51 Ill., 179.

The offer to prove that the signature was not the handwriting of L. Bostick was not, as shown in the bill of exceptions, equivalent to an offer to prove the attestation a forgery, or not the authorized act of Bostick. Defendants did not propose to show that L. Bostick was not clerk of

the court where the suit was tried, at the date of the affidavit, or any fact showing the action of the judge to be a mistake.

6. The reason given by the district judge for refusing to entertain the objections is entitled to some force, being " that the objections cannot now be made unless they had been specially made when the claim was presented to the administrator for allowance."

The authority relied on by appellants (Walters v. Prestidge, 30 Tex., 71) holds that an affidavit wanting the essential statutory requisites is a nullity. It does not reach the matter involved here. The affidavit of Dugan to his claim is perfect, if made before the proper officer. If, in fact, Bostick had not been a clerk of the court where the affidavit was exhibited, or if his signature had been forged to the paper, it certainly could have been shown.

Mere irregularities in the form of the jurat ought to have been noticed when the claim was presented, if at all. If the administrator knew that the affidavit was genuine and made before the proper officer, but imperfect in authentication, such defect ought to have been acted upon at the time. Keese v. Beckwith, 32 Tex., 736; Hansel v. Gregg, 7 Tex., 228.

Finding no error requiring a reversal, the judgment below should be affirmed.

Affirmed.