### Duncan *vs.* Blair, survivor of Comstock.

One who purchases land which is under incumbrance, and receives a conveyance without covenants, cannot set up a concurrent agreement by parol on the part of the grantor to pay off the incumbrances.

Such agreement is parcel of an entire agreement for the sale of lands, and to be valid, must be in writing.

Assumpsit, tried at the Orleans circuit, in October, 1844, before Dayton, Cir. J.

On the trial, it appeared that the defendant Blair and Comstock, whom he has survived, were the trustees of one Greene, under an assignment executed by the latter for the benefit of his creditors, in September, 1839. Among the assigned property, there was a piece of land of about forty-seven acres, which was subject to two mortgages, one of which was held by the Exchange Bank of Genesee, in respect to which a defence was supposed to exist. The plaintiff was a creditor of Greene, for about fifteen hundred dollars, and proposed to purchase this land at $32 per acre, on account of his debt ; and the trustees accordingly conveyed it to him by a quit-claim deed on the 1st March, 1841; but as it was not known what dividend upon Greene's debts the assigned property would pay, the plaintiff gave his note to Blair and Comstock for $760, which was supposed to be about half the value of the land, which they were to hold until the trust was closed, and then if the assigned property had not proved sufficient to pay all the debts, the plaintiff was to pay the whole or such part of the note as should be necessary to equalize the payments among all the creditors. The plaintiff alleged that it was a part of the agreement upon which he took the conveyance and gave the note that Blair and Comstock should pay off the mortgages against the land, and it was for a breach of this alleged agreement that this action was brought. The plaintiff gave evidence touching such an agreement, which if it existed at all, was by parol; and evidence upon that question was given on the other side. The contro-

Duncan *v.* Blair.

versy about the mortgage to the Exchange Bank ended in a sale of the land to satisfy it. It turned out that the assigned property would not pay any thing towards the debts. The land having been sold on the mortgage, the plaintiff applied to Blair and Comstock to give up the note before mentioned, and it was agreed that the plaintiff should pay for the use of the land while he occupied it, and that the note should be returned. This was done, the use of the land having been determined by arbitration.

The defendant insisted that the alleged agreement, if proved, was void ; 1, for want of a consideration ; 2, because it was to pay the debt of a third person, and was not in writing ; 3, that it was not to be performed within one year, and therefore to be valid, must have been in writing ; and 4, that it was a verbal contract respecting an interest in land. These objections were stated as the grounds for a nonsuit, which the defendant moved for, when the plaintiff had rested ; but the motion was denied. Finally the judge instructed the jury that if they found that Blair and Comstock agreed to pay off the incumbrances on the land, they should render a verdict for the plaintiff, for $760 and interest from the day the premises were sold on the mortgage. Verdict for the plaintiff, $816,74.

The defendant moves for a new trial on a case.

*A. Taber,* for the defendant.

*H. D. Tucker & H. R. Selden,* for the plaintiff.

*By the Court,* BEARDSLEY, Ch. J. Granting that such a contract, as is alleged on the part of the plaintiff, was made by him with the defendant and Comstock, still this action cannot be sustained. It was a contract for the sale and conveyance of land to the plaintiff on terms agreed to by him, the sellers on their part agreeing to pay off and discharge the incumbrances on said land. The contract was entire ; it is counted upon as such, and if any contract was established by the evidence it was of that character. Being a mere verbal contract

for the sale of land, the statute makes it void. (2 *R. S.* 135, § 8.) It may be that an agreement to pay off incumbrances would be good, although not in writing; but a stipulation to that effect, forming part of a verbal agreement for the sale of land, is invalid.

This objection is fatal to the present action. If the plaintiff has any remedy, it must be found in a court of equity, on the ground that the contract, having been in part performed by the execution of the deed to the plaintiff, will be enforced in such a court, although void at law. There is no other remedy in such a case as this, although I am far from thinking that this plaintiff has a fair prospect of success in a court of equity. In the first place, the evidence to prove an absolute agreement to pay off the incumbrances was exceedingly loose and unsatisfactory: and in the next place the subsequent arrangement by which the plaintiff's note was returned to him, seems to have contemplated a total recission and abandonment of the contract originally entered into between the parties.

New trial granted.