### A. J. WARD ET AL. v. W. S. GIBBS ET AL.

#### No. 777.

1. **Conversion—Landlord's Lien—Cause of Action.**—The conversion, under wrongful levy of execution, of crops upon which the landlord has a lien, gives him, where the tenants are insolvent, a right of action against plaintiffs in the execution for the value of the property so converted, not to exceed the amount of the debt due him by the tenants.

2. **Same—Parties.**—In such an action by the landlord the tenants are not necessary parties, nor can objection on account of their nonjoinder be raised for the first time in the appellate court.

3. **Judgment—Accord and Satisfaction—Consideration.**—A plea of accord and satisfaction of a judgment setting forth a parol agreement between the plaintiff

and defendant therein, to the effect that friendly suits should be brought by plaintiff on notes given by defendant for certain lands, that no defense should be made to the suits, that the lands should be bought in by the plaintiff, and if they could be afterwards sold, plaintiff should retain out of the proceeds the amount due on the notes, and if they could not be sold, he should take them in full satisfaction of the judgment, shows a valid agreement having a sufficient consideration.

4. **Same—Parol Evidence Not Varying Judgment.**—Such anterior parol agreement made for the purpose of providing for the satisfaction of the debt, does not contradict, vary, or qualify the judgment subsequently taken under the agreement.

5. **Same—Subsequent Declarations—Hearsay Evidence.**—Declarations made to a third party by the plaintiff in such judgment, in denial of the agreement, after plaintiff's purchase of the lands thereunder, and after possession thereof had been delivered to him, are hearsay and inadmissible.

6. **Exemption—Provisions and Provender for Home Consumption.**—The exemption allowance of provisions and provender for home consumption should be determined by the jury under proper instructions, and should be such amount as a provident man would ordinarily keep on hand. •

7. **Parties—Tenants in Common—Action for Conversion—Judgment for Part of Plaintiffs.**—In an action for the conversion of property jointly brought by several plaintiffs who are tenants in common thereof, judgment may be rendered, under article 1336 of the Revised Statutes, in favor of or against a part only of the plaintiffs or of the defendants.   May v. Slade, 24 Texas, 205, distinguished.

APPEAL from Walker.   Tried below before Hon. J. M. SMITHER.

*H. H. Boone* and *McKinney & Hill,* for appellants.—1.   Plaintiffs' petition, in its allegations that defendants wrongfully converted property upon which plaintiffs had a landlord's lien, set forth a valid cause of action, and the court erred in sustaining the special exceptions of the defendants thereto, based on the grounds that plaintiff's remedy was alone by an enforcement and foreclosure of their said lien, and that the damages to plaintiff by such conversion were too remote to be recovered in this suit.

2.   The agreement between Sandford Gibbs and A. J. Ward by virtue of which the judgment in favor of Gibbs was entered does not change or qualify the judgment by an antecedent parol agreement that should have been incorporated in it, and is supported by a valuable consideration inuring to the benefit of Gibbs.   Whether such consideration inured to his benefit before or after the making of the agreement is not material.   Railway v. Scott, 72 Texas, 78; Thomas v. Hammond, 47 Texas, 52.

3.   It was error to exclude the offered evidence of Heflin as to Gibbs' declarations of the terms of that agreement, such declarations being made before the sale of the lands under the judgments, and showing that if not resold by June 1, 1879, they were to be taken by Gibbs in satisfaction of the judgments.   Savage v. Everman, 70 Pa. St. (10 Am. Rep., 676); Cardes v. Hume, 5 Serg. & R., 65; Thatcher v. Gammon, 12 Mass., 270.

4.   The court erred in refusing to exclude the evidence of the witness C. B. Smith, to the effect that Gibbs stated to him some time be-

fore his death that he had judgments against Ward, or Ward, Dewey & Co., and directing witness to collect them, such declarations having been made after Gibbs had bid in the lands under the agreement, and had received possession of the same by virtue thereof.

5. The court erred in not granting a new trial, for the reason that the satisfaction of the judgment in cause number 2437 was fully established by positive evidence strongly corroborated by circumstances, and against which there was no evidence except incompetent and irrelevant testimony as to the acts and declarations of said Sandford Gibbs, plaintiff in the judgment.

*Campbell & Ball* and *Hume & Kleberg*, for appellees.—In this suit, for the seizure and conversion of property by appellees, appellants could not recover the debts due them by tenants for advances secured by landlord's lien on farm products grown by said tenants. Their remedy was an action (within the statutory time) against the tenants; preserving their lien by distress warrants or suit to foreclose; making parties to such suit persons who had converted the crops while charged with their landlord's lien. Sayles' Civ. Stats., arts. 3107, 3109; Templeman v. Gresham, 61 Texas, 50; Railway v. Baylis, 62 Texas, 570; Jenkins v. Patton, 21 S. W. Rep., 693; Pace v. Sparks, 1 Posey's U. C., 402; Ewing v. Perry, 35 Texas, 778; Mathews v. Burke, 32 Texas, 432; Townsend v. Isenberger, 45 Iowa, 670; Alwood v. Ruckman, 21 Ill., 200; Woodruff v. Adams, 5 Black., 318; Dixon v. Nichols, 39 Ill., 372; Cloud v. The State, 53 Mo., 664; Westmoreland v. Wooten, 51 Miss., 825.

It was not competent to permit appellants, in avoidance of appellees' plea of justification for the seizure complained of (as by virtue of lawful execution from the judgment), to set up an alleged agreement entered into between the parties thereto, antecedent to the rendition thereof, and not incorporated therein, utterly at variance with its terms and effect, and destructive of the life and vitality of a judicial decree which stood unchallenged for fifteen years, enforced by successive executions. Heck v. Baker, 75 Texas, 469; Williams v. Ball, 52 Texas, 603; Treadway v. Eastburn, 57 Texas, 209; Murchison v. White, 54 Texas, 78; Freem. on Judg., 4 ed., sec. 286; 2 Black on Judg., secs. 625, 626; 1 Black on Judg., sec. 7; Morrill v. Morrill, 25 Pa. St., 362; Campbell v. Jones, 12 S. W. Rep., 1016; Lewis v. Morrow, 89 Mo., 174.

There is authority for the proposition that the declarations of S. Gibbs to Smith were admissible per se upon the question of his ownership of judgment before same was questioned. Whether so or not, no objection thereto being made at the time, appellants were not entitled to the charge asked for, excluding same from the jury. Smith v. Bank, 1 Texas Civ. App., 115; Rittenhouse v. Creveling, 14 N. Y., 35; Dean v. Wilkerson, 26 N. E. Rep., 55; Mississippi County v. Vowles, 14 S. W. Rep., 282.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was instituted in the District Court of Walker County, on the 12th of September, 1892, by appellants against appellees, for the alleged malicious and unlawful seizure and conversion to their use by defendants, in August, 1891, of certain personal property owned by plaintiffs, consisting of cattle and crops of corn, and cotton and cotton seed, grown and gathered, and growing and to be gathered, upon a farm owned by plaintiffs; and also for the alleged seizure and conversion by defendants, at the same time, of cotton and corn grown and growing on said farm, and owned by the tenants of plaintiffs, and upon which cotton and corn plaintiffs held a lien for supplies furnished by them to said tenants, to enable the latter to cultivate and gather crops of corn and cotton upon said farm in the year 1891. The petition averred that the coplaintiffs of A. J. Ward were his children by his deceased wife, and that as her heirs they were the owners in fee of the farm upon which the crops seized and converted by defendants were grown, subject to the life estate of the plaintiff A. J. Ward in one-third of said farm; and that the cattle seized and converted by the defendants belonged to the community estate of said A. J. Ward and the mother of his coplaintiffs; and that they, the said coplaintiffs, were owners of two-thirds of the crop and of one-half of the other property so wrongfully seized and converted by the defendants. Plaintiffs also charged that the defendants, in their unlawful seizure and conversion of the crops of corn and cotton and the cotton seed produced on said farm, wrongfully and unlawfully deprived plaintiffs of property exempt by law from forced sale, to wit, provisions and forage on hand for home consumption. The defendants answered by general and special exceptions and general denial; and for further answer, defendants averred, that if they seized and converted the property described in plaintiffs' petition, they did so by lawful execution issued from the District Court of Walker County, for the collection of a valid and subsisting judgment, rendered in said court in the year 1878, against the said A. J. Ward, E. C. Dewey, and Nathan Patten, composing the firm of Ward, Dewey & Co., in favor of one Sandford Gibbs, now deceased, and who died testate, and of whose will the defendant S. E. Gibbs was sole executrix. To this plea of justification plaintiffs replied, denying that said judgment was valid and subsisting, and pleading accord and satisfaction thereof in the lifetime of said Sandford Gibbs. This plea averred, that in the year 1877 the said Ward, Dewey & Co. were lessees from the State of the State penitentiary building and convicts at Huntsville, Walker County, Texas; that the State determined to end the lease and resume control of the property; that Ward, Dewey & Co. owned a large amount of property and assets, and owed considerable indebtedness, and they believed that upon a fair and full settlement with the State, and upon the State taking at a fair appraisement the property which they had been compelled to buy to operate the penitentiary and employ the convicts, they would be more than able to pay off all of their indebtedness. A

part of the property which they had so purchased was the property on which was situated the tanyard for the penitentiary, the convict building for the use of the convicts working there, and an orchard, tramway, and other valuable improvements. This property was all situated on lands lying about two and one-half miles east from the said penitentiary building, in said town of Huntsville, one tract of which, consisting of, to wit, 495⅔ acres, had been bought by said Ward, Dewey & Co. from said Sandford Gibbs, and they owed him therefor two notes, amounting in the aggregate to $2478.33. There were also three other tracts of land bought by Ward, Dewey & Co. from John Courtade, amounting in the aggregate to 400 acres. Upon these 400 acres they had paid half the purchase money, to wit, $1250, and Sandford Gibbs, as transferee from said Courtade, held the note of Ward, Dewey & Co. for the other half, to wit, $1250, for the purchase money of said Courtade land.

Said Sandford Gibbs had been a large customer of Ward, Dewey & Co., and was a warm personal friend of A. J. Ward. He was desirous of assisting said Ward, Dewey & Co., and particularly said A J. Ward, in making a settlement of their lease affairs with the State. At the instance of said A. J. Ward, and acting upon the advice of L. A. Abercrombie, Esq., who was the attorney for both Sandford Gibbs and said Ward, Dewey & Co., friendly suits were brought by said Sandford Gibbs on the notes given by said Ward, Dewey & Co. to him, and also upon the Courtade note held by him, to foreclose the vendor's liens upon the lands as aforesaid, for which they were respectively given, with the distinct understanding and agreement by and between said Sandford Gibbs and said A. J. Ward, who was the sole manager of the business of said Ward, Dewey & Co., that said lands were to be bought in by said Sandford Gibbs and title taken to himself; and that if said lands could be afterwards sold, either to the State or others, or the State would take them at a fair appraised value, that said Gibbs was to retain out of said sale the amounts owing to him by said Ward, Dewey & Co., and the balance was to be paid to Ward, Dewey & Co.; but if said lands could not be sold, or if the State would not take them, then said Sandford Gibbs was to take said lands and hold them in satisfaction of all indebtedness of Ward, Dewey & Co. to him. That at the time said arrangement and agreement was made with said Gibbs, said lands with the improvements thereon were reasonably worth the sum of $15,000. That in pursuance of said arrangement said suits were brought as friendly suits, said judgments were obtained without resistance on the part of Ward, Dewey & Co., the sale of said lands was made under said judgments, and the lands were bought in by said Gibbs at a mere nominal price, to wit, for the Courtade tracts $100 and the Gibbs tract $200. That upon the State refusing to take said lands in settlement with Ward, Dewey & Co., and upon failure to sell the same, it was agreed by and between said Sandford Gibbs and A. J. Ward, acting for himself and said Ward, Dewey & Co., on or about the

1st day of January, A. D. 1879, that said Sandford Gibbs should retain said lands as his exclusive property, and accept the same in full satisfaction of said judgments in his favor against the said Ward, Dewey & Co., including the said judgment rendered in the District Court of said county on April 12, 1878, in suit number 2437, on the docket of said court; and Sandford Gibbs did so accept said lands in satisfaction of said judgments, including said judgment last above named, and never thereafter made any claim or demand, either in whole or in part of said judgment, in said cause number 2437, or any part thereof.

To this plea defendants filed exceptions, which were sustained, and to which judgment plaintiffs excepted.

Upon trial of the cause, there was a verdict for the coplaintiffs of plaintiff A. J. Ward for $479, and that the judgment in the case of Gibbs v. Ward, Dewey & Co. was valid and unsatisfied, and judgment was in accordance with the verdict; that A. J. Ward take nothing by his suit, and that his coplaintiffs recover of the defendants the sum awarded them by the verdict, together with their costs, and that defendants recover their costs of plaintiff A. J. Ward. The defendants moved the court to give judgment for them, non obstante veredicto; and the plaintiffs filed motions for new trial and in arrest of judgment, all of which motions were overruled, and both parties, plaintiffs and defendants, appeal to this court.

The plaintiffs, appellants here, assign for error the judgment of the court sustaining the third special exception of defendants, filed April 2, 1894, to plaintiffs' first supplemental petition, filed September 5, 1893. The exception is in these words: "In so far as it [the plaintiffs' supplemental petition] alleges that defendants seized and appropriated crops grown by tenants upon said lands in 1891, as set forth in plaintiffs' original petition, and thereby damnified plaintiffs to the extent of the indebtedness of said tenants to them, and security therefor by landlord's lien, defendants except; because: 1. It appears therefrom that the property so seized, sold, and appropriated by defendants was the shares of said tenants in said crops, and they, if any one, and not plaintiffs, have cause of action against defendants. 2. It appears therefrom that plaintiffs' remedy for the security and enforcement thereof on said shares of their tenants was the foreclosure on said shares of said landlord's lien thereon, notwithstanding the alleged seizure and conversion thereof by defendants, and not suit against defendants for said conversion; and if plaintiffs have suffered damage by reason of said conversion, it accrued from their failure to pursue said remedy, and not from alleged acts of defendants. 3. It appears therefrom that damages on account of such seizure, sale, and appropriation are too remote to be recovered by plaintiffs in this suit."

This assignment, in our opinion, must be sustained. The plaintiffs alleged that their tenants' share in the crops seized and converted by defendants was subject to plaintiffs' lien for supplies furnished by them to their tenants, and that the tenants were insolvent, and plaintiffs,

by the seizure and conversion of the crops by defendants, were deprived of the means of collecting their debts. From this statement, it is manifest that plaintiffs were damnified by the act of the defendants. The conversion by defendants of property upon which plaintiffs held a lien gave plaintiffs a cause of action against defendants, and authorizes a recovery by plaintiffs for value of the property converted, provided the same does not exceed the debts due them by their tenants. Zapp v. Johnson, 87 Texas, 641. The objection urged by appellees in their brief, that in no event could plaintiffs recover for the alleged conversion of the tenants' share of the crops, without making the tenants parties defendant, is, we think, not tenable. We can conceive of no sufficient reason why, under the facts of this case, the tenants are necessary parties. The only reason for making them parties would, it seems, be for the protection of defendants against separate suits by the tenants. But when the defendants filed their exception, the tenants' cause of action against defendants was barred unless the tenants could bring themselves within some of the exceptions of the statute of limitation. Besides, the defendants have not, by either demurrer or plea, objected to plaintiffs' suit for want of proper parties, and the question can not be raised here for the first time.

The appellants' fourth assignment of error complains of the judgment of the court in sustaining the third and fifth paragraphs of defendants' fourth special exception to plaintiffs' plea of accord and satisfaction of the indebtedness of Ward, Dewey & Co. to Sandford Gibbs. These paragraphs are in substance, first, that plaintiffs seek by said plea to change and qualify the judgment rendered for Gibbs against Ward, Dewey & Co., in 1878, by an agreement antecedent to its rendition, and not incorporated in it; and second, that it appears no consideration passed to said Gibbs for the agreement set out in the plea of accord and satisfaction. This plea, which has been recited in this opinion, if established by competent evidence, presents we think a complete defense to any claim against the plaintiff A. J. Ward, made by the representatives of Sandford Gibbs, which is based upon the judgment rendered in his favor against Ward, Dewey & Co. Neither of the objections urged by defendants to the plea can be sustained, in our judgment, upon reason or authority. The promise on the part of Ward, Dewey & Co. to make no defense to the suits of Gibbs, and to permit him to foreclose his liens and buy in the lands at a nominal price, it seems to us, is a sufficient consideration for the alleged agreement on part of Gibbs to allow them to retain possession for a given time of the lands after their sale under the decree of foreclosure, with the privilege of selling them, if they could do so, for more than their indebtedness to him, and in default of such sale, to receive the property in full satisfaction of his judgment. Such an agreement is doubtless of rare occurrence, but when made and executed is valid and binding. Savage v. Everman, 70 Pa. St., 315. That the alleged parol agreement, antecedent to the judgment, does not contradict or vary or

qualify the judgment, is, we think, settled by the decisions in Thomas v. Hammond, 47 Texas, 52, and Railway v. Scott, 72 Texas, 78.   The agreement was made for the purpose of providing for the payment and satisfaction of the debt due Gibbs.   The defendants' exceptions to this plea should have been overruled.

The appellants complain also of the court in sustaining defendants' objection to the testimony of the witness R. L. Heflin.   This testimony is pertinent to the issue of fact presented under this plea, and should be admitted on another trial.

There is another ruling of the court of which the plaintiffs complain, and that is, the admission of the testimony of C. B. Smith, witness for defendants, as to the declaration of Sandford Gibbs made subsequent to the purchase of the lands under the judgment against Ward, Dewey & Co., and after the possession thereof had been delivered by the latter to Gibbs.   This evidence is hearsay, and, if objected to on another trial, should be excluded.

The plaintiffs further complain, that they were deprived by the action of the court of their right to have submitted to the jury the question whether or not the defendants appropriated, under their execution, property exempt from forced sale.   On another trial the jury should determine, under proper instructions from the court, whether or not the defendants did appropriate provisions and provender which were held by plaintiffs for home consumption.   The allowance for this purpose should be such as a provident man would ordinarily keep on hand.

There are several other assignments by appellants, but the citations in their brief from the record are too meager to enable us to determine the propositions submitted under most of those assignments, and we do not feel called on to supply the defects in the brief by reading the transcript.   For this reason, and the further reason that we do not deem it necessary for a proper decision of the appeal, we will not consider the appellants' remaining assignments.

The appellees under their second cross-assignment insist, that as the coplaintiffs of A. J. Ward have elected to sue jointly with him for the alleged conversion of their common property, if A. J. Ward can not recover against defendants, neither can his coplaintiffs; and in support of this proposition, counsel refer us to May v. Slade, 24 Texas, 205.   In that case it was held, that tenants in common must join in actions for trespass relating to the possession of property; and it appearing from the evidence that one of the plaintiffs had no interest in the land upon which the trespass was committed, at the time of the trespass, it was held, that joining him in the action was not a compliance with the rule requiring the joinder of all cotenants in a suit of that character; and as the petition showed that at the time of the commission of the trespass the plaintiff was cotenant with another of the lands trespassed upon, he was not permitted to recover.   In this case, there is no question made that A. J. Ward and his coplaintiffs were tenants in common of the property converted by the defendants.   It would be an

anomaly in the law if the coplaintiffs of A. J. Ward, who were compelled under the law to join him in the action, could not recover for their share of the property converted by the defendants, because defendants were able to show that A. J. Ward's share of the property was lawfully seized under writ of execution, and appropriated to payment of his debt by his creditor. Such is not the law. Article 1336 of the Revised Statutes provides, that judgment may, in a proper case, be given for or against one or more of several plaintiffs, or for one or more of several defendants. This case is one to which this article is applicable.

We decline to consider the remaining cross-assignments. Some of these it is not necessary for the proper disposition of this appeal to decide; and others of them we can not properly decide without searching through the transcript, which we decline to do.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 18, 1895.