## MURCHIE v. COOK & McNAB.

1. Parol evidence admissible to prove that when a note was executed, there was an agreement to receive in part payment, a debt on another person.

Error to the Circuit Court of Pike County.

This was an action of assumpsit brought by the defendants in error as the endorsers of a promissory note for the sum of nine hundred and fifty-two and forty-three hundredth dollars, made by the plaintiff in error, to Messrs. McMahan and Brothers, or order. The defendant below pleaded non-assumpsit, set-off, failure, and want of consideration, in short by consent, the plaintiff below obtained a judgment.

During the progress of the cause in the Court below a bill of exceptions was taken to the opinion of the Court from which it appears than the plaintiff in error (defendant below) offered to prove that a partnership had formerly existed between himself and two persons by the name of McMahan, under the firm of McMahan, Murchie, & Co., which was dissolved, and that on the dissolution the firm was indebted to him upwards of seven hundred dollars: that his two partners and another entered into a partnership under the firm of McMahan and Brothers, one of whom retained the funds of the late firm of McMahan, Murchie & Co. That the new firm of McMahan & Brothers proposed to the plaintiff in error to sell him goods, and he agreed to buy if the debt due him from the late firm of McMahan, Murchie & Co., should be received in payment. This was agreed to, and the debt of the old firm to plaintiff in error assumed by them, but they insisted that the plaintiff in error should give his note, (the one sued on) as evidence of the amount of purchase, until it could be precisely ascertained how much McMahan, Murchie & Co. owed the plaintiff in error.

6

This evidence the Court rejected on the ground that it varied the terms of the written instrument. To this opinion of the Court an exception was taken, and the refusal of the Court is now assigned for error.

PORTER for plaintiff in error.

ORMOND, J.—We cannot perceive that the evidence offered is liable to the objection which led to its rejection by the Court. The evidence would explain why the note was given, and its consideration, but certainly this did not vary the terms of the written instrument. Proof that the note was to be paid in whole or in part, in a particular mode, is entirely consistent with its terms, and this, in our opinion, is the only effect that can be ascribed to the rejected testimony. It admits the making of the note, and that the amount is correct, but that it was to be discharged *pro tanto*, by the debt due the plaintiff in error from McMahan, Murchie & Co. It would devolve on the plaintiff in error to prove the amount of that indebtedness, and to that extent it would be a payment of the note, and this defence could be made under the general issue which was pleaded in the cause.

The judgment of the Court below is reversed, and the cause remanded for further proceedings.