## ROCKMORE AND ANOTHER v. DAVENPORT.

Where a bill, payable at a day certain, is presented for acceptance and dishonored, the payee may sue the drawer immediately ; and a plea by the latter, setting up an oral agreement, made previous to or contemporaneous with the drawing of the bill, that the drawer should not be liable to pay the amount of the bill until the time stipulated, is bad, for the reason that it proposes to vary, by oral evidence, the legal effect of a contract in writing.

Where the bill was payable in another State, and there was no allegation as to the rate of interest, and the verdict and judgment were for a certain amount " principal and interest," and the amount was less than the sum for which payment was stipulated in the bill, and there was no statement of facts, the Court refused to disturb the judgment.

Error from Panola. Suit by the defendant in error against the plaintiffs in error, on a bill of exchange which was drawn and payable in Louisiana, and protested for non-payment. The bill was payable on the 1st of March, 1854, and was sued before that time. The defendants pleaded that it was orally agreed, at the time of drawing the bill, between the drawers and the payee, the plaintiff, that in no event should they be called upon to pay the amount mentioned in the bill, before the said 1st day of March, 1854. Said plea was stricken out, on motion of the plaintiff. Verdict and judgment for certain amount, principal and interest. The amount was less than the principal sum ordered to be paid. No statement of facts.

*Bowdon & Chilton,* for plaintiffs in error. I. The verdict and judgment entry show conclusively that interest was recovered. This is an error which this Court will correct, even in the absence of a statement of facts. (Able v. McMurray, 10 Tex. R. 350.) Attention is specially invited to the judgment entry, to show the allowance of interest, lest it might be inferred, from the amount of the judgment, none was allowed.

II. The plea is not obnoxious to the objection, that it seeks to vary the written contract, by a cotemporaneous parol stipulation. The real contract between these parties is not sought to be set out in the writing or draft. It was in reference to the purchase of a mill, and the draft was drawn in payment, on certain conditions, but with an express understanding that defendants were not to pay anything to plaintiff until March, 1854.

The draft failed to answer the purpose for which it was intended, but the real contract remained unimpaired, of which the draft was not the evidence. Had the draft been accepted, it would have been (not the contract sued on but) a written contract, of a different character, between different parties, on which the parol agreement, sought to be set up in this case, could have had no effect. The authorities on this subject seem to be conclusive. (Murchin v. Cook & McNab, 1 Ala. R. 42 ; Simonton v. Steel, Id. 357 ; Honeycutt v. Strother, 2 Id. 135 ; Barlow v. Fleming, 6 Id. 146.)

The effect of the parol stipulations in this case was not to vary the terms of the draft, falling due in March, 1854, but to prevent the plaintiff, in any event, from seeking pay for the mill, from defendants before the term of credit had transpired.

In the January No. (1855) of Livingston's Law Magazine, p. 22, is reported a very able decision, maintaining, very conclusively, that " an agreement not to sue during a certain speci- " cified time, does not merely give a claim for damages, in case " of its breach, but constitutes a bar to any action during that " time." (Robinson v. Godfrey, 2 Mich. R. 408.)

*Poag* and *Henderson & Jones,* for defendant in error.

WHEELER, J. It is insisted, for the plaintiffs in error, that the Court erred in adjudging the plea insufficient, which sets up a contemporaneous parol agreement to give credit upon the indebtedness, evidenced by the bill of exchange sued on, until the first of March, 1854. Cases are cited where it has been held, that parol evidence is admissible to prove an argreement, at the time of making a note, that it might be discharged in a particular way, other than by the payment of the money, expressed in the note. (1 Ala. 41, 357, and other cases cited in brief.) But these cases proceed upon the ground that such an agreement does not contradict or vary the terms of the written contract. (Ib.) A case is cited also to show, that an agreement not to sue for a specific time is binding. (2 Mich. R. 408.) This is undoubtedly true, if the agreement be upon a sufficient consideration. (Ib. and cases cited.) But this is to be understood of subsequent, not of an antecedent or contemporaneous agreement. (1 Greenl. Ev. Sec. 303, 304.) And whether such an agreement will preclude the right to sue, during the enlarged time of performance given by it, or will only give a right to recover damages for its breach, is a question upon which the authorities are conflicting. The case cited maintains the former opinion. But the current authority is admitted to be the other way. The general rule, subject to a few exceptions not applicable to the present case, undoubtedly is, that parol evidence can not be received to contradict or vary a written agreement. (2 Phil. Ev. 357, 358, 6th Am. from 9th London edit.) And this rule operates to the exclusion of parol evidence of any prior or contemporaneous agreement, to vary the terms or legal effect of the written contract. The cases which illustrate and enforce the rule are collected in the notes to Phillip's Evidence, Id. part 2, p. 593, note 295, where it is said, "We find it either conceded or asserted in almost every "case which speaks on this subject, that all oral negotiations, "or stipulations between the parties, which preceded or accom-"panied the execution of the instrument, are to be regarded as "merged in it; and that the latter is to be treated as the ex-

"clusive medium of ascertaining the agreement to which the
"contractors bound themselves. Parol evidence is admissible
"to explain and apply the writing, but not to add to, or vary
"its terms. This general doctrine has been recognized almost
"universally."

Counsel for the plaintiffs in error construe the plea as setting
up a parol agreement, at or before the making of the bill of
exchange, not to sue, in any event, before the stipulated time
of payment; the time specified in the bill. If so, it was an
agreement which varied the legal effect of the written contract,
as to the time of payment; and is within the operation of the
rule which excludes evidence of the parol agreement, in such
cases. In an authority, cited and relied on by counsel, it is
admitted, that it would not be competent to prove a parol
agreement to contradict the writing, as to the time of payment.
(1 Ala. R. 368.) Neither is it competent to vary, by parol, the
legal effect of the written contract in that particular. The
present is a mercantile contract, and such contracts are to be
construed according to the rules and principles of mercantile
law. And by that law, immediately upon the dishonor of the
bill by non-acceptance, the holder had a right to demand pay-
ment of the drawer and indorsers; and in default of payment,
he was entitled to sue them immediately. (Story on Bills, Sec.
321; Chit. on B. 340.) Such was the legal effect of the con-
tract, which it was proposed to vary, by setting up a parol con-
tract that the defendants were, in no event, to be called on for
payment, until the maturity of the bill, according to its face.
This was clearly inadmissible. Thus, it is laid down, that,
"where a written contract appears on its face to be complete,
"you can no more add to or contradict its legal effect, by parol
"stipulations preceding or accompanying its execution, than
"you can alter it, through the same means, in any other re-
"spect." (Note to Phil. Ev. before cited, and cases there
cited.) The law, controlling the operation of a written con-
tract, becomes a part of it; and, though proof of usage may be
received, in certain cases, to interpret the meaning of language,

or to ascertain the nature and extent of the contract, in the absence of express stipulations; yet it is not admissible to contradict what is plain, or to show a particular intention at variance with the clear legal import of the written contract. (1 Greenl. Sec. 292; Chit. on Con. 98.) Thus where the written contract is silent as to the time when the goods are to be delivered, the law being that, in such a case, they are to be delivered within a reasonable time, it has been held, that parol evidence of the conversations of the parties may be admitted to show the circumstances under which the contract was made, and what the parties thought was a reasonable time for performing it; but that, parol evidence will not be admitted to prove a specific time at which they were to be delivered, for that would be to contradict and vary the legal interpretation of the instrument. (3 Sumn. R. 530; Chit. on Con. 107, n.)

The parol stipulation, or agreement, respecting the time of payment, which preceded or accompanied the execution of the written contract in this case, was merged in the written contract. Evidence of such an agreement, as it is insisted the plea sets up, that is, that the plaintiff should not seek payment of the bill, from the drawer and indorsers, until its maturity, according to its terms, in any event; or though it should be dishonored for non-acceptance, was clearly inadmissible, as contradicting the legal effect of the written contract. And the plea, setting up such an agreement, was, consequently, bad.

But the plea does not aver that the defendants were, in no event, to be called on for payment, before the time specified, It is true, as averred, that the time appointed for payment was the 1st of March, 1854. It so appears by the face of the bill. And it is not improbable that the pleader intended to state the contract as thus appearing; and to deny the legal consequence, arising by operation of law, from the dishonor, by non-acceptance, of the bill; rather than assert a right as arising from any other or different contract from that evidence by the bill itself. If so, he was mistaken as to the legal effect of the contract; and in either view, the plea was rightly adjudged insufficient.

The remaining objection to the judgment relates to the allowance of interest. But, as observed by counsel for the defendant in error, there is nothing appearing by the record, by which it may be certainly seen, that any sum was, in fact, allowed as interest. The word "interest" is used in the verdict and judgment; but in such a manner and connexion as to leave it doubtful whether it was not used as mere matter of form, in drawing up the verdict, and making the entry of the judgment. The amount of the verdict is less than the sum for which payment is stipulated in the bill. It is impossible to say what interest, or that any in fact, was computed and included in the verdict. And it is the well settled rule, that to authorize a reversal, it must not be left doubtful, but must clearly appear that there is error in the judgment. Because it does not appear, we are of opinion that the judgment be affirmed.

Judgment affirmed.