### T. C. SWOPE v. LIBERTY COUNTY BANK ET AL.

Decided November 11, 1908.

**1.—Written Contract—Evidence to Vary or Contradict.**

Parol evidence is inadmissible to vary or contradict the terms of a valid written instrument. If, however, all the terms of a contract, such as would make it complete, are not expressed in the writing, parol evidence is admissible between the parties for the purpose of showing the entire agreement. But where a part of a transaction has been embodied in a single writing with the intention that it shall express the agreement as to such part, the rule against disputing the terms of the document is applicable to so much of the transaction as is so embodied. If the particular element in the transaction, upon which parol evidence is offered, is mentioned, covered or dealt with in the writing, then presumably the writing was meant to represent all the transaction on that element; if it is not, then probably the writing was not intended to embody that element of the negotiations.

**2.—Same—Case Stated.**

An applicant for life insurance signed an application for the same, executed a note for the premium, and received from the agent of the company a receipt for the premium, setting forth fully the terms of the contract. The three instruments together constituted a contract complete, plain, and unambiguous. In a suit upon the note, held, that the applicant or maker of the note should not have been permitted to introduce testimony to show that a contemporaneous parol agreement was made between himself and the agent of the company whereby, in certain contingencies, the note was not to be paid.

**3.—Same—Life Insurance—Forfeiture of Premium.**

An applicant for life insurance who pays the first premium at the time of signing the application and afterwards prevents the issuance of the policy by his own failure to comply with the conditions of the application, can not recover the premium paid.

Appeal from the County Court of Liberty County. Tried below before Hon. I. B. Simmons.

*Stevens & Pickett,* for appellant.

*J. F. Dabney,* for appellee bank.

NEILL, ASSOCIATE JUSTICE.—The Liberty County Bank sued Rob-

ert E. Bowen as the maker, and T. C. Swope as the endorser, on a negotiable promissory note made by the former to the latter on December 17, 1906, for $329.40, payable April 1, 1907, with interest from maturity at the rate of eight percent per annum, and for ten percent additional if not paid at maturity and collected by an attorney or by legal proceedings. Plaintiff's petition is in the ordinary form, alleging that the note, before maturity, was transferred by the payee to the bank for a valuable consideration.

Bowen answered by a general denial, and, after admitting the execution of the note to Swope, the answer contains a cross-bill against him, in which it is alleged: That the note was deliverable to take effect as an obligation only in accordance with a verbal agreement and contract made between him and Swope, to whom the note was executed. That the circumstances under which it was made and the agreement were, substantially: That the note was intended to be used as the first premium due on an insurance policy, if he (Bowen) decided to take out a policy in the State Mutual Life Insurance Company, which Swope was then representing as its agent; that at the time it was signed it was agreed between him and Swope that he should examine and investigate a proposition of insurance offered him by Swope in said company if, upon investigation, he (Bowen) decided to accept the insurance, he would make application therefor by taking and submitting to the insurance company an examination of his physical condition; and, in the event he should do so, and be accepted by said company, the note would become of full force and effect. That it was further agreed that Swope should hold the note on the condition stated and not negotiate the same until he (Swope) should be advised and notified by him (Bowen) that the proposition of insurance offered had been accepted and an examination taken; and that Swope expressly agreed and stipulated with him to hold the note on the conditions and for the purposes stated.

That within a reasonable time he made the investigation of Swope's proposition in regard to taking out the insurance, and ascertained it was impossible of performance by the insurance company, and that it would not issue a policy granting and carrying out Swope's flattering offers. Whereupon he immediately notified Swope that he would not accept such proposition nor take the examination, and requested him to return the note; and he then learned that Swope, within a few hours after he received it, transferred the note to the bank; that his action in transferring and selling the note was wrongful and in violation of said contract, was effected by Swope for the purpose of defrauding him, and that he is informed and believes that plaintiff purchased the note in the usual course of trade for a valuable consideration, without notice of his equities, and is an innocent holder thereof.

That by reason of the premises the note was only conditionally delivered to take effect, and that he (Bowen) had the right under said agreement to reject the note and thereby prevent it from becoming an obligation; and that, in his exercise of such right, the note became void and of no effect as between him and Swope.

The answer concluded with a prayer that, in the event plaintiff should recover against him, he have judgment over against Swope for the amount recovered, and for costs, etc,

The defendant, Swope, answered Bowen's cross-bill by general and special exceptions, a general denial, and pleaded specially: That the note sued on was executed on the day it bears date for the sum of money therein stated, and was thereafter, before maturity, for value, assigned by him to plaintiff. That when executed he was agent of the State Mutual Life Insurance Company, and that through him, as such agent, Bowen made application to the company for a life insurance policy in the sum of $10,000, which application was in writing and signed by him; that at the time, and as a part of the same transaction, Bowen executed the note in payment of the first premium due on the policy, and, in addition thereto and as a part of the same contract, a further written agreement in writing was made between him, as agent for the insurance company, and Bowen, which is substantially as follows:

### "STATEMENT TO BE SIGNED BY APPLICANT UPON PAYMENT OF PREMIUM OR ANY PART THEREOF.

"Dated at DEVERS, TEXAS, Dec. 15, '06.

"I hereby declare that I have paid to T. C. Swope $329.40, and that I hold his receipt for same, corresponding in number hereto, on the form used by the Mutual Life Insurance Company, on application for insurance, and that I agree to the terms of said receipt.

"No. 44931. (Signature of Applicant) "ROBERT E. BOWEN."

And that the said receipt mentioned was at the same time signed by this defendant as agent of said company and delivered to the said defendant, Bowen, the same being in writing and constituting a part of said agreement and contract, and is in substance as follows, to wit:

"Received from Robert E. Bowen, at Devers, State of Texas, this 15th day of December, 1906, the sum of three hundred and twenty-nine and 40-100 dollars, the sum declared by applicant in his application to have been paid, on the following conditions and agreements:

"First: That if a policy be issued on the application for insurance made by the above this day, to the State Mutual Life Insurance Company, corresponding in date and number with this receipt, said company shall accept this receipt towards payment of the first premium on the said policy.

"Second. That this receipt will not be valid if issued for any sum in excess of the sum declared by applicant in such application to have been paid; it will not be valid if erasures or additions have been made in the printed form; and it will not be valid unless the person to whom it is issued is promptly examined by an examiner of the State Mutual Life Insurance Company.

"Third. That if a policy be not issued on said application within sixty days from this date (and only in that event) said sum will be returned on surrender of this receipt to the company.

"Fourth. That the liability of the company under this receipt shall not exceed the sum declared by the applicant in his application to have been paid, and that this receipt is non-negotiable, and can not be assigned or transferred.

"No. 44931. (Agent must sign here) "TOM C. SWOPE, Agent."

That according to the terms of said contract Bowen was to promptly submit himself to an examination by a physician acting as examiner for the company, and if the examination proved satisfactory to the company the policy applied for would be issued to him in accordance with the terms of said contract, but that Bowen, after entering into said contract, delayed and postponed, and finally refused to have himself examined, although Swope repeatedly requested him to be, in order that the company could determine whether it would accept his application, rendering it impossible for defendant Swope, as agent of the company, to comply with and carry out the terms of the written contract, which he would have performed had Bowen complied with his agreement in regard to having himself examined, as was incumbent on him before the policy could be issued.

This answer concluded with a prayer that, in the event plaintiff recovered against defendant Swope by reason of his endorsement of the note, he have judgment over against his codefendant for such sum as should be adjudged against him (Swope) in plaintiff's favor, for costs, etc.

Bowen replied to this answer of Swope by a general demurrer and general denial.

The case was tried before a jury and resulted in a judgment in favor of plaintiff against both defendants, and in favor of defendant Bowen on his cross-action over against Swope for the amount adjudged in favor of the bank against the former as maker of the note sued on. From this judgment, in favor of Bowen against him, Swope has appealed.

The undisputed evidence shows that the note sued on, the application for insurance and the receipt described in the answer of Swope, were all executed at the same time and place, were parts of the same transaction between Swope, as agent of the insurance company, on the one hand, and Bowen on the other, in regard to the contemplated insurance policy referred to in the last two written instruments; and that the three documents, taken as a whole, expressed the written agreement between the parties in regard to the contemplated insurance for which the note was given in payment of the first premium.

The contention of appellant under his first and second assignments of error is that these writings, when taken together, constitute a complete and entire contract, plain and unambiguous, the terms of which can not be varied or contradicted by a contemporaneous parol agreement between the parties; and that, therefore, the court erred in admitting the testimony offered by the appellee to prove the allegations in his cross-bill as to the verbal agreement made between the parties at the time the note was executed. Such testimony having been admitted over the objection of appellant embodied in the assignments, we can see no escape of the appellee, Bowen, from this contention.

Unquestionably, the three instruments referred to are parts of the same transaction, and, as between the appellant and Bowen, are to be viewed as an entirety just as though they were all written together on the same piece of paper, for the purpose of expressing the terms of the agreement between them. It is a general rule that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument. If, however, all the terms of a contract, such

as would make it complete, are not expressed in the writing, parol evidence is admissible between the parties for the purpose of showing the entire agreement between them. But where a part of a transaction has been embodied in a single writing with the intention that it shall express the agreement as to such part of it, the rule against disputing the terms of the document is applicable to so much of the transaction as is so embodied. If the particular element in the transaction, upon which parol evidence is offered, is mentioned, covered or dealt with in the writing, then presumably the writing was meant to represent all the transaction on that element; if it is not, then probably the writing was not intended to embody that element of the negotiation. Wigmore on Ev., sec. 2430.

Applying this test to the writings taken as a single instrument, it is apparent that it was intended to evidence the facts that application had been made by Bowen to the insurance company, represented by Swope as its agent, for an insurance policy on his life; that the applicant was to stand a medical examination satisfactory to the company before the policy would be issued; that the note sued upon was executed for the first premium due; that it was taken and considered as so much money to be appropriated by Swope to the payment of the premium in the event of Bowen's standing the satisfactory examination within the time designated, with the understanding that it was to be returned to the maker if the medical examination he was to take should prove unsatisfactory and the issuance of the policy refused.

The undisputed evidence shows that Bowen did not and would not take such examination, as he was obliged to do under the agreement before he could demand the return of the note.

Therefore, evidence of the contemporaneous verbal agreement was inadmissible to vary or contradict such written contract, and the objection to its introduction should have been sustained. As the only evidence properly admitted indubitably shows that Bowen, and not Swope, failed to comply with the contract, the court should have peremptorily instructed a verdict against him on his cross-action, and directed the jury to find against him for Swope on the latter's cross-bill.

There is no question raised, nor can there be, as to the liability of Bowen as maker, and of Swope as endorser, of the note sued on, and the judgment of plaintiff against each will be affirmed. But the judgment in Bowen's favor against Swope is reversed and judgment here rendered that he take nothing by reason of his cross-action against Swope. The judgment against Swope on his cross-action is also reversed, and judgment is here rendered in his favor against Bowen for the amount of the judgment recovered by the plaintiff, which may be satisfied by Bowen's paying off and discharging such judgment, interest and costs; but in the event the judgment of plaintiff is not wholly discharged by Bowen, and Swope should pay it or any part of same, then he may have his execution against Bowen for such sum of money, interest and costs as he shall have paid, or may be collected from him on such judgment.

*Affirmed in part, and reversed and rendered in part.*