## FIRST STATE BANK OF OTTO v. COHN. (No. 6451.)

(Court of Civil Appeals of Texas. Austin. Nov. 8, 1922. Rehearing Denied Jan. 17, 1923.)

1. **Evidence** ⬤⟳441(11)—**Finding for plaintiff on oral contract held erroneous, in view of written agreement in note.**

In an action against a bank to recover damages for the breach of a verbal contract to lend plaintiff sufficient money to buy and market 100 head of cattle, the time for which the loan was to run not being specified, where a written contract embodied in a note, at variance with plaintiff's contention, was introduced, the note controlled, and a finding for plaintiff was therefore erroneous.

On Motion for Rehearing.

2. **Evidence** ⬤⟳442(1) — **Parts of agreement provable by parol must not be inconsistent with written instrument.**

Where an agreement is partly written and partly verbal, the parts of the agreement proposed to be proved by parol must not be incon-

sistent with or repugnant to the intention of the parties as shown by the written instrument.

Appeal from District Court, Falls County; John Watson, Judge.

Action by A. B. Cohn against the First State Bank of Otto. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Spivey, Bartlett & Carter, of Marlin, for appellant.

Frank Oltorf, of Marlin, for appellee.

KEY, C. J.     A. B. Cohn, as plaintiff, sued the First State Bank of Otto, as defendant, and sought to recover damages for the breach of a verbal contract, by which it was alleged the defendant agreed to lend to the plaintiff sufficient money to buy 100 head of cattle, hold them until they were in proper condition, and then ship them to and sell them on the Fort Worth market. Plaintiff alleged that, if the defendant had complied with its contract, he would have made a profit of $2,500. The defendant's answer contained a general demurrer, several special exceptions, a general denial, and a special answer, the particulars of which need not be here stated. There was a verdict and judgment for the plaintiff for $500, and the defendant has appealed.

While we are inclined to the opinion that the trial court should have sustained some of the special exceptions urged against the plaintiff's petition, inasmuch as we have concluded that the case should be reversed and rendered for the defendant, upon another ground, we deem it unnecessary to discuss the questions involved in the exceptions referred to.

The plaintiff's case rested mainly upon his own testimony, which tended to show that in March, 1918, he made a verbal contract with the defendant, acting through its cashier, by the terms of which the bank was to furnish him money for the purpose of buying and preparing for the market 100 head of cattle, and, after furnishing $480, refused to furnish any more; but the undisputed testimony shows, and plaintiff so testified, that on March 6, 1918, and before the contract was consummated and any money placed to his credit on the books of the bank, he executed and delivered to the bank a note for $1,000, payable on demand, and agreed that, if any other money was furnished to him, for the purpose of purchasing cattle, he would execute a similar note or notes. It was neither alleged nor proved that the execution of the note referred to, and promise on the part of the plaintiff to execute other notes, if further sums should be placed to his credit, was the result of any fraud or mistake. In a few days after the execution of the note, the plaintiff purchased several head of cattle and drew checks on the defendant, amounting, in the aggregate, to $480, which were paid by the bank. Soon after the payment of the last check the cashier, acting for the bank, told the plaintiff not to give any more checks on the bank, and that the loan would be called in, and demanded payment of the $480, which the bank had paid out on checks drawn by the plaintiff. Thereupon the plaintiff sold the cattle which he had bought, and paid defendant out of the proceeds of such sale the $480 demanded. The plaintiff put the note in evidence, and there is an indorsement on it, "Canceled 3/6/18 (A. B. C.)."

Upon these undisputed facts, we hold that the plaintiff has no cause of action against the defendant for its refusal to furnish him money to carry out his contemplated speculation, by buying and selling cattle. If, when the defendant demanded of the plaintiff the execution of a demand note before it would furnish him any money, the latter had refused to execute such note, and sued the bank for a breach of its verbal contract, he might have sustained his cause of action. Instead of pursuing that course, he consented to the demand of the bank, and executed the note, which became a written contract between the parties; therefore the $1,000 which the bank placed to the credit of the plaintiff was payable on demand, and, although the verbal contract may have been otherwise, the bank had the option, according to the plain terms of the written contract, to terminate the loan at any time it saw proper, and to refuse to furnish to the plaintiff any more money.

[1] The gist of the plaintiff's cause of action is that the defendant breached an oral contract to furnish him money for an indefinite period of time with which to purchase at least 100 head of cattle. That contention, although it may be supported by the plaintiff's testimony, is in direct conflict with the plain terms of the written contract, which was embodied in a note signed by the plaintiff; and the rule is well settled that, when parties have reduced their contracts to writing, the latter will control, and cannot be changed in any material part by testimony showing that the verbal agreement was different from that contained in the written instrument, unless it is shown that the latter was procured by fraud, or executed by mistake.

There being no dispute about the facts referred to, the court should have instructed a verdict for the defendant; and therefore judgment is reversed, and judgment here rendered to the effect that the plaintiff in the court below, who is appellee in this court, take nothing, and that all the costs of both courts be taxed against him.

Reversed and rendered.

On Motion for Rehearing.

Appellee's counsel has presented to this court a motion for rehearing, accompanied

by an argument and citation of authorities, which indicate considerable industry and ability. That motion has received careful consideration, but our conclusion is that it fails to show that our former decision of the case was not correct.

[2] The gist of the motion is that this court erred in holding that the original contract, which was not in writing, was merged into the written contract embodied in the promissory note executed by the plaintiff, and made payable to the defendant on demand; and that, inasmuch as the written instrument referred to stipulated that the money loaned to the plaintiff was payable on demand, the former oral agreement to furnish the money for a longer period of time was thereby changed, and the time of payment fixed as stated in the promissory note. We have examined the authorities cited in the motion for a rehearing, and do not believe that they sustain the contention urged. As we understand them, they hold that when a written instrument embodies only a portion of an entire contract, it is permissible to prove the other portion of the contract which is not in conflict with the written instrument. The correct rule upon the subject is stated in 22 Corpus Juris, page 1290, as follows:

"The parts of the agreement proposed to be proved by parol must not be inconsistent with or repugnant to, the intention of the parties as shown by the written instrument; for, to receive parol proof of a part not reduced to writing, which is directly repugnant to the intention of the parties as expressed in the written instrument, would contravene the rule that parol evidence cannot be received to contradict or vary the terms of a written agreement."

Many authorities are cited in support of that text, including Swope v. Liberty County Bank, 52 Tex. Civ. App. 281, 113 S. W. 976, and Kelley v. Collier, 11 Tex. Civ. App. 353, 32 S. W. 428, decided by Courts of Civil Appeals of this state, and both of which support the text referred to.

We shall not undertake to review all the cases cited in the motion for rehearing, but content ourselves with quoting from some of them.

In Thomas v. Hammond, 47 Tex. 42, the court held:

"If the matters alleged are, for the purposes of the given suit, a proper part of the transaction to be investigated, and the law does not directly forbid such matter to be proven by parol, and the parties have instituted written evidence of only parts of the transaction, not including the parts proposed to be proven orally, then the evidence is entitled to be heard."

In Harness v. Luttrall (Tex. Civ. App.) 225 S. W. 810, cited in the motion, it is said by the court:

"For it is well settled that, where written instruments form a part of a more comprehensive transaction, the terms of which are not attempted to be expressed in writing, parol evidence as to such parts of the transaction as were not reduced to writing is admissible and operative."

The motion cites the case of Stuart v. Meyer (Tex. Civ. App.) 196 S. W. 615. As showing that the court in rendering the opinion did not intend to vary the rule that parol evidence is not admissible to vary the terms of a written contract, the court quotes from Ruling Case Law, among other things as follows:

"Where the parties have reduced an agreement to writing, the writing is supposed to contain all the agreement, and is the only evidence of it; and all prior or contemporaneous declarations and negotiations between the parties are excluded as evidence of the agreement. * * * The same principle declares that the reduction to writing of one feature of an entire transaction, in part execution thereof, does not preclude proof by parol of the other features. Otherwise stated, the rule is that proof is admissible of any collateral, parol agreement or independent fact which does not interfere with the terms of the written contract."

In the case of American, etc., Land Co. v. Mercedes Co. (Tex. Civ. App.) 155 S. W. 286, cited in the motion, the court says, on page 293, first column, after referring to the rule that parol testimony is not admissible to vary a written contract, as follows:

That "when the original contract was complete within itself and was entirely verbal, and a part only thereof is subsequently reduced to writing, parol testimony as to such part is admissible, not for the purpose of varying or changing that portion which was reduced to writing, but to show what the original contract was in its entirety."

As we understand them, none of the cases cited hold that when the time for the payment of a debt is clearly fixed in a written instrument, it is permissible to prove by oral testimony that it was not payable at that time, but at a different time.

In the early history of this state's jurisprudence it was held, in Rockmore v. Davenport, 14 Tex. 602, 65 Am. Dec. 132, that where a bill of exchange was made payable at a particular time, it was not permissible to prove by oral testimony a previous or contemporaneous agreement that the drawer should not be liable to pay the amount of the bill until a later date, for the reason that it proposed to vary by oral evidence the legal effect of a contract in writing. That is what appellee successfully sought to do in this case in the court below, and what this court holds he was not entitled to do. The rule of law referred to is wise and sound, and we see no reason why it should not be given application in this case.

Motion overruled.